Walter A. St. Clair
1227 Seveir Ave.
Menlo Park, CA
94025

Jonathan D. Cobb Sr.
828 Weeks St.
East Palo Alto, CA
94303

**DENIED**
Judge Maria-Elena James

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. COBB SR. and WALTER A. ST. CLAIR<br><br>Plaintiff's<br><br>V.<br><br>ERNEST BREDE, DONALD SHOWERS, LARRY LAVERDURE, LUIS CONTRERAS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE, PAUL KOEHLER<br><br>Defendant's | Case No: **CV10-3907**<br><br>JUDGE: **Maria-Elena James**<br><br>**NOTICE OF OBJECTION TO CASE MANAGEMENT ORDER** |

## STATEMENT

With regard to the Case Management Order received on Friday 11, 2011, the above mentioned Plaintiff's are at this time are filing a formal Objection to the Order. The order itself could be viewed as prejudicial as it seems to cater to the

demands of the Defendant's almost solely. The Plaintiff's also have deeper concerns as to the validity of the order by virtue of the implications it presents wtih regard to Constitutional Law.

**Arguments**

First and foremost, Local Rule 16 which covers Conferences, Scheduling and Management, in section (1) clearly state that it is necessary to expedite the action and section (2) states; establishing early and continuing control so that the case will not be protracted because of lack of management. Due to this statutes it is clear that setting a date of March 12, 2012 would unnecessarily protract the case due in part to the longevity of the date itself. This date would constitute a hardship in the preservation of evidence crucial to the presentation of the Plaintiff's case and would be a clear violation of the Plaintiff's right to a speedy trial under the guidelines laid out in the Sixth Amendment of the Constitution. The Plaintiff's are seeking relief through the courts due to the matters already touched upon in the original filed action and this court date would place a hardship on the Plaintiff's character and continued reputations within the community. The hardship comes about through Defendant Ernest Brede's openly made allegations that the Plaintiff's embezzled money in excess of $20,000 dollars from the bank accounts of the corporation. We now have the cooperation of the bank in question, namely Wells Fargo Bank, N.A. and along with the subpoena that was issued have

obtained the documents that will clearly show the fraudulent activity that has been alleged. It is clear that the Defendant's Ernest Brede and Donald Showers, along with Mr. Glen Watson have sought to besmirch the names of the Plaintiff's in an effort to lay blame for their alleged criminal behavior and we wish to litigate this matter as the fraud seems to be ongoing, and by continuing this matter with a view to such a far trial date, it will force these Plaintiff's to have to live with the stigma of accusations leveled by Defendant's Brede and Showers. The documentation supplied by Wells Fargo Bank, N.A. can easily clear the Plaintiff's of any wrongdoing they have been accused of and we believe it will also show the intricacies of the alleged fraudulent plot that may result in criminal charges being filed. Providing the Defendants with a far off trial date will only serve to allow them time to degrade the potential evidence we will require under Discovery that will serve to bolster the claims to the realm of facts. In *Barker v. Wingo*, 407 U.S. 514 (1972) the Supreme Court acknowledged that, a case may not be excessively delayed especially if this delay were to give unfair advantage to either the defendant's or the plaintiffs. Delaying trial date to next year would very much provide an unfair advantage to the Defendants. It will cause the possible degredation of facts by potential witnesses as well, as provide time to the Defenants for continued concealment. ***At no time have the Plaintiffs formally waived time with regard to the court calendar and any potential or pending dates.*** Further, Barker v. Wingo, 407 U.S. 514 (1972) also asserted that a persons

rights to a speedy trial under the Sixth Amendment could be violated if the delayed court date causes a degree of prejudice, this would be a most certain fact as court will be placing the burden of suspicion on the Plaintiff's as they have been openly accused by Defendant Ernest Brede of embezzlement. It is believed that this is a technique being employed by the Defendants in an effort to Condition the Minds of potential witnesses against the Plaintiff's. In an effort to try to persuade people to not cooperate with the Plaintiff's for testimony or depositions. It should be noted that within the Jehovah's Witnesses orgainzation, they have sent out a general memo indicating that members "were not to help or assist" in any way the Plaintiff's, thus making it a nearly hostile environment by the time trial date would come around next year. Plaintiff's have ready witnesses willing to cooperate now, and wish to proceed with the original Case Management Conference so as to secure witness depositions. Plaintiff's have stated that testimony of certain witnesses will be made nearly impossible by the March 12, 2012 date as the Defendant's are deeming any testimony voluntarily or involuntarily given by any potential parishoners of the religious orgainzation could be subject to punishment. In short, a parishoner of the religious orgainzation could get themselves into trouble for merely cooperating with a court order. On the surface this may sound far-fetched but in actuality it is not. For example, Mr. Glen Watson was served a subpeona to turn over the bank records he has possession of in February 2011. He is not a Defendant and neither should he have an interest

vested in this litigation but yet he has chosen to openly defy the subpoena and not comply with the court order to turn over the records. Making it necessary to seek a Motion to Compel with sanctions. The Defendant's counsel has sought to make it appear as if non cooperation is a matter of religious right and this gives way to witness fear. It is necessary to go ahead with the original court calendar while witnesses still have courage to cooperate. Plaintiff's also feel this is being perpetrated by the Defendant's as well as the Defendant's counsel, Mr. Anthony Smith, in an effort to intimidate and sway key and crucial witnesses the Plaintiff's will be calling upon for testimony and depositions. This being done in an effort to obviously taint the perceptions by the public at large and those observing this litigation as well as any individuals that could be potential witnesses, these types of tactics were used and recognized in the 2009 case, <u>Shearer vs. Pfizer Inc., et al.</u> Counsel for the Defendant's seems to be engaging in similar tactics due to his possible inability to try the case in the regular manner. The AOR, Mr. Anthony Smith has been making various phone calls to parties that he feels the Plaintiff's will be contacting as potential witnesses. Several of these parties have already made contact with the Plaintiff's to express feelings of coercion and threats, one party being told by Mr. Anthony Smith, that "siding with the Plaintiff's in any way would be going against the religious organization itself". Clearly a transparent ploy to sway a potential witness. This is tantamount to witness tampering. Another potential witness, Mr. Bill Douglas informed the Plaintiff's that he was contacted

directly by Mr. Smith, counsel for the Defendant's and that the implications of the phone conversation made Mr. Douglas feel as if he were expected to lie by omission certain details of which Mr. Douglas is privy to with regard to Defendant's Brede and Showers and the missing $20,000 dollars in question. To preserve the integrity of potential witnesses Plaintiff's are respectfully asking that the received Case Management Order be vacated and dates reset to reflect a speedy trial within the next 90 days. Plaintiff's are also asking that this case be set for a Jury trial and not a court trial. Plaintiff's recognize that the in the case of <u>Sheppard v. Maxwell</u>, 384 <u>U.S.</u> 333 (1966), the Supreme Court ruled that the right to a <u>public trial</u> is not absolute but the Plaintiff's feel that this case warrants review by a natural Jury, and it is believed that the issues that will be presented will be easily understood by a Jury, so Plaintiff's are again insisting on their right to a Jury trial.

## CONCLUSION

Finally, it has been brought to our attention that our original Joint Statement document seems to have yet again vanished from the clerks office. This document was filed in a timely fashion on March 8, 2011 by the Plaintiff Walter A. St. Clair to the clerk on the 16th floor. The Joint Statement was filed in or around the hour of 11am and there seemingly now is no record of this document. The deadline for filing was March 10th, 2011. It has become obvious to us that some party within

the clerks office seems to be trying to aid or assist Mr. Anthony Smith by having documents "misplaced" or outright lossed in an effort to derail this case. These seeming clerical errors could in a larger sense be tactics used to try to undermine the case as it has seemed to be in this particular situation. Without the existence of our Joint Statement it would make it appear or seem as if we did not file one thus giving Your Honor no recourse but to allow the statement filed by Mr. Anthony Smith to stand. We will be taking steps to pursue this to the end to finding out, if possible, who in the clerks office is trying to assist Mr. Smith's case, through the "misplacement" of documents that are necessary to expediting the case. This is not the first time the Plaintiff's have experienced having a document "lost" or "misplaced". For this reason alone we are asking that Your Honor vacate this order of Case Managment, and set a new date for a Case Management Conference within the next 30 days or sooner. We are preparing our Motion for Discovery and with such, we can be ready to try our case within the next 90 days if not sooner.

Walter A. St. Clair

Jonathan D. Cobb Sr.

Date 3-14-11