Anthony V. Smith, Esq. (SBN 124840)
LAW OFFICE OF ANTHONY V. SMITH
204 East Second Avenue, #331
San Mateo, CA 94401-3904
Tel: 650.548.0100
Fax: 650.548.9741

Attorney for Defendants ERNEST BREDE, LUIS CONTRERAS, PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE and DOE SDG:SSX

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. COBB, SR., and WALTER ARLEN ST. CLAIR, <br><br>Plaintiffs, <br><br>v. <br><br>ERNEST BREDE, LUIS CONTRERAS, PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE and DOE SDG:SSX, <br><br>Defendants. | Case No.: 3:10-CV-03907-MEJ <br><br>JUDGE:   Maria-Elena James <br><br>**DECLARATION OF ANTHONY V. SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA SERVED ON CHASE BANK AND/OR FOR PROTECTIVE ORDER PUURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1), 26 (c)** <br><br>CTRM:   B, 15th Floor, SF <br>DATE:   June 30, 2011 <br>TIME:   10:00 AM <br><br>Complaint Filed: August 31, 2010 |

I, Anthony V. Smith, Esq., declare:

1. I am an attorney licensed to practice before all courts in the State of California including the United States District Court, Northern District of California. I have personal knowledge of the facts contained in this declaration and could competently testify to the same if called upon to do so in a court of law.

2. I represent all currently named defendants in this action. I address in this

declaration only facts relating to defendants pattern of conduct that continues to display their abuse of the subpoena process despite being informed in writing of their respective violation of the subpoena process.  As I indicated in paragraph eight (8) of my Declaration of Anthony V. Smith Re Filing of Defendants' Case Management Conference Statement Pursuant to Local Rule 16-9(a) filed with this court on March 9, 2011, plaintiffs have repeated engaged in the practice of obtaining civil subpoenas and serving individuals and entities without serving a copy of the subpoena on counsel for the defendants at the time that the subpoenas are sent out for service.  Plaintiffs have served civil subpoenas in violation of FRCP 45(b)(1) on:  1) Glen Watson, an individual from whom plaintiffs were seeking financial records;  2) my client defendant ERNEST BREDE from whom plaintiffs were seeking financial records;  and 3) Wells Fargo Bank.  Attached as Exhibit A and incorporated into this declaration by this reference is a true and correct copy the OBJECTION TO SUBPOENA SERVED ON ERNEST BREDE that I filed with this court on March 11, 2011 that details the pattern of subpoena abuse by plaintiffs up to that point in time.  As a result plaintiffs' repeated violations of FRCP 45(b)(1), counsel for defendants has been hampered from asserting objections where necessary or other acting to protect the interests of defendants.

       3.       Plaintiffs' pattern of conduct continues in this regard.  Attached to and incorporated into this declaration as Exhibit B is a true and correct copy of the a letter from Donna A. Craig, Subpoena Analyst, JP Morgan Chase's subpoena department and a copy of the civil subpoena that was served on and received by Chase Bank on April 29, 2011.  As noted on the subpoena itself, Chase's subpoena processing unit received the subpoena on April 29, 2011.  As indicated in the subpoena, the date for production of the documents was set for "May 11, 2011, 17:00".  My clients were informed of the subpoena on Friday, May 13, 2011, when they received a letter from Chase Bank and while the undersigned was out of the state and

*Cobb, et al. v. Brede, et al.*,
Anthony V. Smith Declaration Re Notice of Motion and Motion to Quash Subpoena
Case No. 3:10-CV-03907-MEJ
Page 2

unavailable. As indicated by the letter from Ms. Craig, a motion to quash the subpoena served on Chase Bank was required to be filed within then (10) days of the date of the letter, namely, on or before May 20, 2011.

4. Attached to and incorporated into this declaration as Exhibit C is a true and correct copy of the Certificate of Service of the Chase subpoena that plaintiffs filed with this court on May 13, 2011. Although plaintiffs knew that the subpoena was issued on April 28, 2011, and served on Chase Bank on April 29, 2011, the Certificate of Service of the Chase subpoena that plaintiffs filed with this court **purposely omits the date and place of service of the subpoena.** This omission is crucial because plaintiffs have routinely refused to timely serve civil subpoenas on counsel for defendants in violation of Federal Rule of Civil Procedure 45(b)(1). Moreover, consistent with their pattern of conduct, plaintiffs never serve any notice of issuance of the subpoena on counsel for the defendants in this case.

5. After returning to California, on Wednesday, May 18, 2011, I telephone Donna A. Craig, Subpoena Analyst, JP Morgan Chase, and requested an extension of time to up to and including Monday, May 23, 2011, to file a motion to quash in view of the circumstances surrounding the plaintiffs' failure to provide defendants the proper notice of the issuance of the subpoena. Ms. Craig agreed to grant the extension.

6. I request that the subpoena served on Chase Bank be quashed. Moreover, I request that a protective order be issued and entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. I request that the language of the protective order incorporate aspects of the standard, proposed Stipulated Protective Order that I have attached to and incorporate into this declaration by this reference as Exhibit D. In particular, I request language in a protective order limit the use and

1  distribution of any bank records, including the subject records from Chase Bank and the
2  sought records from Wells Fargo, to the parties and/or their attorneys, and that use of
3  any such bank records are limited to use in this action.

4        7.    I further anticipate that during the course of the discovery phase of this
5  case, plaintiffs may seek to obtain and perhaps file other documents that are confidential
6  in nature concerning communications between the Christian Congregation of Jehovah's
7  Witnesses (to which all of the parties to this litigation are subject) and Bodies of Elders of
8  congregations (not corporations) of Jehovah's Witnesses in the United States (and in
9  particular the Body of Elders, English Congregation of Jehovah's Witnesses, Menlo
10 Park, California) concerning various matters relating to ecclesiastical direction, discipline
11 and authority. I request the protective order similarly limit the use and distribution of
12 such documents as set forth above.

13       I declare under penalty of perjury under the laws of the State of California that the
14 foregoing is true and correct.

DATED: May 23, 2011

_____
Anthony V. Smith, Esq.
Attorney for Defendants ERNEST BREDE, LUIS CONTRERAS
PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS
AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER,
RICHARD ASHE and DOE SDG:SSX