Anthony V. Smith, Esq. (SBN 124840)
LAW OFFICE OF ANTHONY V. SMITH
204 East Second Avenue, #331
San Mateo, CA 94401-3904
Tel: 650.548.0100
Fax: 650.548.9741

Attorney for Defendants ERNEST BREDE, LUIS CONTRERAS, PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE and DOE SDG:SSX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. COBB, SR., and WALTER ARLEN ST. CLAIR,<br><br>Plaintiffs,<br><br>v.<br><br>ERNEST BREDE, LUIS CONTRERAS, PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE and DOE SDG:SSX,<br><br>Defendants. | Case No.: 3:10-CV-03907-MEJ<br><br>**JUDGE:** Maria-Elena James<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA SERVED ON CHASE BANK AND/OR FOR PROTECTIVE ORDER PUURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1), 26(c)**<br><br>**CTRM:** B, 15th Floor, SF<br>**DATE:** June 30, 2011<br>**TIME:** 10:00 AM<br><br>Complaint Filed: August 31, 2010 |

Defendants, ERNEST BREDE, LUIS CONTRERAS, PAUL KOEHLER, LARRY LAVERDURE, DONALD SHOWERS, AARON LUCAS, STEVE MISTERFELD, ALAN SHUSTER, RICHARD ASHE and DOE SDG:SSX (hereinafter collectively "Defendants"), by and through their attorney of record, hereby submit this Memorandum of Points and Authorities in Support of Defendants' Notice of Motion and Motion to Quash Subpoena Served on Chase Bank and/or for a Protective Order Pursuant to Federal Rules of Civil Procedure 45(b)(1) and 26(c).

## INTRODUCTION

On August 31, 2010, Plaintiffs filed their original Complaint alleging the following causes of action: Conspiracy, Conspiracy to Commit Fraud, Collusion, Fraud, Extortion, Defamation, Mail and Wire Fraud, and Religious Fraud. (***Plaintiffs' Complaint Caption, p. 1***) On September 17, 2010, Plaintiffs filed an Amended Complaint (hereinafter referred to as "FAC") which changed some of the original allegations, but essentially included the same causes of action and added an additional cause of action for Coercion. On November 9, 2010, Plaintiffs filed a Second Amended Complaint (hereinafter referred to as "SAC") which changed some of the original allegations, but essentially included the same causes of action. The SAC serves as plaintiffs' operative pleading. Plaintiffs' SAC alleges the following causes of action: Extortion, Conspiracy to Commit Fraud, Collusion, Fraud, Extortion, Defamation, Mail and Wire Fraud, Religious Fraud, and Coercion. (***SAC, p. 1***)

## STATEMENT OF RELEVANT FACTS[1]

Notwithstanding the fact that despite repeated written requests to plaintiffs to litigation this lawsuit by the rules, they have continually refused to do so. With respect to the issuance of and service of civil subpoenas, as I indicated in paragraph eight (8) of my Declaration of Anthony V. Smith Re Filing of Defendants' Case Management Conference Statement Pursuant to Local Rule 16-9(a) filed with this court on March 9, 2011, plaintiffs have repeated engaged in the practice of obtaining civil subpoenas and serving individuals and entities without serving a copy of the subpoena on counsel for the defendants at the time that the subpoenas are sent out for service. Plaintiffs have served civil subpoenas in violation of FRCP 45(b)(1) on: 1) Glen

---

[1] Defendants refer only to the facts relevant to the Notice of Motion and Motion to Quash the Subpoena Served on Chase Bank in this memorandum.

*Cobb, et al. v. Brede, et al.,*  
Memorandum of Points and Authorities-Motion to Quash Chase Subpoena  
Case No. 3:10-CV-03907-MEJ  
Page 2

Watson, an individual from whom plaintiffs were seeking financial records; 2) my client defendant ERNEST BREDE from whom plaintiffs were seeking financial records; and 3) Wells Fargo Bank.

Plaintiffs' pattern of conduct continues in this regard with the service of the subpoena that serves as the basis of this motion to quash. As indicated in the Declaration of Anthony V. Smith filed in support of this motion (the "Smith Declaration"), plaintiff had a subpoena directed to Chase Bank for financial records issued from this court on April 28, 2011. As indicated in Exhibit B to the Smith Declaration, the subpoena was served on Chase Bank of April 29, 2011 as Chase Bank's subpoena processing unit received the subpoena on April 29, 2011. As indicated in the subpoena, the date for production of the documents was set for "May 11, 2011, 17:00". Defendants were informed of the subpoena on Friday, May 13, 2011, when they received a letter from Chase Bank and while the undersigned was out of the state and unavailable.

Defendants were never served with any notice of the issuance of or service of the subpoena for As a result plaintiffs' repeated violations of FRCP 45(b)(1), counsel for defendants has been hampered from asserting objections where necessary or other acting to protect the interests of defendants. Therefore, based upon the legal authorities set forth below, Plaintiffs' subpoena served on Chase Bank must be quashed.

### I.

### THE CHASE SUBPOENA MUST BE QUASHED DUE TO PLAINTIFFS' VIOLATION OF FRCP 45(b)(1)

With respect to the service of civil subpoenas issued pursuant to Federal Rule of Civil Procedure 45, Rule 45(b)(1) provides,

b) Service.

> (1) *By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. *If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.* [Emphasis added.]

(***FRCP 45(b)(1)***)

The rule is clear that notice of any commanded document production must be served on each party before the subpoena is *served* so as to afford a party sufficient time to object to production. (***FRCP 45(b)(1)***; ***See also***, Adv. Comm. Notes to 2007 Amendment to FRCP 45(b)(1))  In addition to allowing the subpoenaed person sufficient time to comply, all parties to the action must be given reasonable notice of the subpoena so they can object or obtain concurrent access to documents provided by the subpoenaed person. (***FRCP 45(b)(1)***)  To afford adequate time for objection, notice must be given well in advance of the production date. Courts have held that Rule 45(b)(1) requires that notice to parties be given ***prior to service of the subpoena*** on the nonparty. (***Butler v. Biocore Medical Technologies, Inc.*** (10th Cir., 2003) 348 F3d 1163, 1173; ***Pagan-Colon v. Walgreens of San Patricio, Inc.*** (D PR, 2010) 264 FRD 25, 28).  Therefore, the Chase subpoena must be quashed.

## II.

## THE COURT IS EMPOWERED TO ISSUE A PROTECTIVE ORDER LIMITING THE USE, DISTRIBUTION, AND PUBLICATION OF THE CHASE BANK RECORDS AND OTHER DOCUMENTS SOUGHT TO BE PRODUCED PURSUANT TO FRCP 26(c)

Federal Rule of Civil Procedure 26(c) permits a court to fashion a protective order to balance the interest of the parties to permit the discovery of relevant information while concurrently balancing the interests of the parties from the widespread distribution of

confidential and sensitive information. Defendants request that the court fashion such an order in this case.

Clearly, not only are the financial records of the English Menlo Park Congregation of Jehovah's Witnesses being sought, but it appears that plaintiffs are also seeking to obtain financial records of the English Menlo Park Congregation of Jehovah's Witnesses, Inc., a corporate agent of the corporation, are also being sought. It also appears that plaintiffs may seek to obtain and perhaps file other documents that are confidential in nature concerning communications between the Christian Congregation of Jehovah's Witnesses (to which all of the parties to this litigation are subject) and Bodies of Elders of congregations (not corporations) of Jehovah's Witnesses in the United States (and in particular the Body of Elders, English Congregation of Jehovah's Witnesses, Menlo Park, California) concerning various matters relating to ecclesiastical direction, discipline and authority. Defendants request that the court issue a protective order to limit the use and distribution of such documents.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the court quash the subpoena served on Chase Bank. Defendants further request the issuance of a protective order as requested.

DATED: May 23, 2011

LAW OFFICE OF ANTHONY V. SMITH

*[signature]*

Anthony V. Smith, Esq.
Attorney for Defendants