UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JONATHAN D. COBB, SR., et al., | No. C 10-03907 MEJ |
| Plaintiffs, | **ORDER DENYING REQUEST TO EXTEND DISCOVERY DEADLINES** |
| v. | |
| ERNEST BREDE, et al., | |
| Defendants. | |

On November 7, 2011, over one month after the close of discovery in this matter, Plaintiffs Jonathan Cobb and W. Arlen St. Clair filed a Request to Extend Discovery and Deposition Deadlines. Dkt. No. 124. In their request, Plaintiffs state that they served a subpoena on Bill Douglas' father the week of October 9, 2011. As the subpoena was not served prior to the discovery cut-off, and no request was made to extend the deadline to serve the subpoena prior to the cut-off date, Plaintiffs' request is DENIED.

Plaintiffs also request an extension of time to obtain responses to subpoenas. "The district court is given broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). The Court may modify the discovery deadline only for good cause. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087. "Generally, in determining whether there is good cause to permit an extension the court will primarily look to the (1) diligence of the party seeking the extension, but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the

extension." *Missing Link, Inc. v. eBay, Inc.*, No. C–07–04487 RMW, 2010 WL 34268, at *2 (N.D. Cal. Jan. 6, 2010). Here, discovery closed over one month ago, yet Plaintiffs provide no explanation for their belated request. Further, the Court has held multiple discovery conferences in this case and given the parties ample time to complete discovery, including a 30-day extension of the original discovery deadline. Dkt. Nos. 32, 52, 58, 59, 66, 77, 96. Moreover, Defendants have a pending summary judgment motion, and extension will thereby prejudice Defendants.

If Plaintiffs believed that additional time would be required for the subpoenas, they should have complied with the undersigned's discovery standing order and not have waited until discovery closed to seek relief from the Court.[1] *Wartluft v. Feather River Cmty. Coll.*, 2010 WL 682305, at *2 (E.D. Cal. Feb. 24, 2010); *Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 177 (W.D. Penn. 2009) (recognizing that a party must make a "timely request" for relief under Rule 16, demonstrating why it was unfeasible to meet the scheduled deadlines). As Plaintiffs waited until over one month after the close of discovery, the Court finds that they did not act diligently, have failed to provide an explanation for failure to comply with the Court's previous order on this issue, and any extension would prejudice Defendants, who have a pending summary judgment motion, the Court must deny their request to extend the discovery deadline.

**IT IS SO ORDERED.**

Dated: November 9, 2011

Maria-Elena James
Chief United States Magistrate Judge

---

[1] The Court previously informed Plaintiffs that they needed to comply with the discovery standing order as to subpoenas. *See* Dkt. No. 99.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JONATHAN D COBB SR

        Plaintiff,

  v.

ERNEST BREDE

        Defendant.

Case Number: 10-03907 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan D. Cobb, Sr.
828 Weeks St.
Palo Alto, CA 94303

Walter Arlen St. Clair
1227 Sevier St
Menlo Park, CA 94025

Dated: November 9, 2011

                          Richard W. Wieking, Clerk
                          By: Brenda Tolbert, Deputy Clerk