UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| JONATHAN D. COBB, SR., et al., | No. C 10-03907 MEJ |
| Plaintiffs, | **ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ERNEST BREDE, et al., | **Re: Dkt. No. 114)** |
| Defendants. | |

Plaintiffs Jonathan Cobb and Walter St. Clair initiated this lawsuit on August 31, 2010. Dkt. No. 1. Their pro se Complaint explained that their suit was "intended to expose a scheme put into motion" by Defendants[1] to remove them as the elders (i.e., ministers) and corporate officers of the Menlo Park Congregation of Jehovah's Witnesses.[2] Dkt. No. 1 ¶ 1. Plaintiffs alleged that Defendants were specifically liable for the following: "conspiracy, conspiracy to commit fraud, fraud, religious fraud, collusion, mail and wire fraud and defamation of character." *Id.* Plaintiffs stressed that they were not seeking any damages and only wished for "vindication through the courts so as to expose the fraud and restore their good names." Dkt. No. 1 ¶ 46.

On September 17, Plaintiffs filed an Amended Complaint that contained largely the same allegations as their original Complaint. Dkt. No. 4. Defendants moved to dismiss Plaintiffs' lawsuit on October 1. Dkt. No. 5. Before the Court could analyze this Motion, Plaintiffs filed their Second Amended Complaint ("SAC"). Dkt. No. 12. Because Plaintiffs were representing themselves, the

---

[1] Plaintiffs originally named Ernest Brede, Luis Contreras, Paul Koehler, Larry Laverdure, Donald Showers, Aaron Lucas, Steve Misterfield, and Doe "SDG: SSX" as the defendants in their Complaint. Dkt. No. 1. Their Second Amended Complaint named Alan Shuster and Richard Ash as additional defendants. Dkt. No. 14.

[2] Because the facts of this dispute are not material to this Order, the Court does not discuss them further. Moreover, the parties failed to meet and confer and submit a joint statement of undisputed facts.

1 Court permitted this amendment and found that Defendants' Motion, which was based on Plaintiffs'
2 earlier pleading, was moot. Dkt. No. 13. Even though Defendants were permitted to refile a motion
3 to dismiss, they instead chose to file their Answer and commence discovery.

4 Defendants now move for summary judgment on Plaintiffs' entire lawsuit. Dkt. No. 114.
5 Defendants' primary argument is that this Court has no jurisdiction over the ecclesiastical questions
6 and controversies that are at the center of Plaintiffs' claims. *Id.* In considering this argument, the
7 Court has reviewed the papers submitted by both parties and analyzed Plaintiffs' claims. This
8 review has raised other jurisdictional problems with Plaintiffs' lawsuit, which, as discussed below,
9 lead the Court to dismiss this action.[3]

10 The Court must first determine whether it has subject matter jurisdiction (i.e., the power to
11 adjudicate this case). Federal courts are courts of limited jurisdiction that can only adjudicate
12 certain matters: mainly those based on diversity of citizenship or a federal question. Schwarzer,
13 Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 2.2 (The Rutter Group 2011)
14 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The lack of
15 subject matter jurisdiction may be raised at any time and it can never be waived. *Attorneys Trust v.*
16 *Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). If the parties fail to raise the
17 issue of subject matter jurisdiction, as they have done here,[4] it must be raised by the district court sua
18 sponte. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) ("Although neither party
19 contests subject matter jurisdiction, we are bound to address it sua sponte if it is questionable"); *In*
20 *re Disciplinary Action Against Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) (overruled on other
21 grounds in *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991)) ("Nothing is to be more jealously
22 guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without
23 jurisdiction it is nothing").

24

---

25 [3] The Court finds that this matter is suitable for resolution without oral argument. *See* Fed.
26 R. Civ. P. 78(b); Civ. L.R. 7-1(b).

27 [4] Defendants' Motion has raised the issue of subject matter jurisdiction, but their lack of
28 jurisdiction argument is based on other grounds such as the ecclesiastical abstention doctrine.

Here, Plaintiffs did not include a jurisdictional statement — as required by Federal Rule of Civil Procedure 8(a) and Civil Local Rule 3-5 — in any of their pleadings. Nonetheless, a review of these pleadings reveals that there is an issue with this Court's subject matter jurisdiction. For the Court to exercise diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000. 28 U.S.C. § 1332. Because Plaintiffs' lawsuit does not seek any damages, they have not met this threshold requirement. Moreover, jurisdiction cannot be based on diversity of citizenship because many of the Defendants are from the same state as Plaintiffs (California). *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 2.1405 (The Rutter Group 2011) ("The basic requirement in diversity cases is that *all* plaintiffs be of different citizenship than *all* defendants. Any instance of common citizenship prevents federal diversity jurisdiction").

Plaintiffs' alleged claims also do not invoke any federal questions. In their SAC, Plaintiffs refer to numerous causes of action — without discussing any of their elements — that they assume are valid federal claims (e.g., extortion, collusion, coercion, conspiracy to commit fraud, fraud, deceit, religious fraud, fraudulent misrepresentation, misrepresentation, personal enrichment, and defamation). *See* Dkt. No. 14. Disregarding that many of these causes of action are superfluous and not actionable, they also do not involve any federal questions since they are contract and tort-based claims that do not fall within the limited jurisdiction of federal courts. *See Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984) ("The rights plaintiffs seek to vindicate in their claims for fraud, intentional infliction of emotional distress, and tortious bad faith were conferred by California, not by the United States"). The only time Plaintiffs invoke a claim arising under federal law is when they allege violations of the "Mail and Wire Fraud Act" under "Federal Statutes 1341 and 1343." *See, e.g.*, Dkt. No. 14 ¶¶ 5, 19. The Court assumes that Plaintiffs are referring to 18 U.S.C. §§ 1341 and 1343, which are the federal criminal statutes for mail and wire fraud. These criminal statutes, however, do not provide litigants with a private right of action. *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341");

3

*Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974) (similar to mail fraud, Congress did not intend to create a federal cause of action for wire fraud under 18 U.S.C. § 1343).[5]

In their opposition papers, Plaintiffs make several references to "Civil RICO." While mail and wire fraud do not, standing alone, result in the right to file a federal lawsuit, together they may constitute the predicate acts required to bring a civil action pursuant to the RICO statute under 18 U.S.C. § 1962. *See Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiffs' SAC, however, never asserts a RICO cause of action and only mentions RICO one time in its 36 pages of allegations. Dkt. No. 14 ¶ 6. Although Plaintiffs' pleadings are liberally construed because they are representing themselves, it is difficult for this Court to find that Plaintiffs have alleged a valid civil RICO claim based on this single reference. Such a determination, however, is not needed to decide this issue. Even if the Court were to conclude that Plaintiffs' sole RICO reference was sufficient to invoke a federal claim, or if Plaintiffs were permitted to once again amend their complaint to properly allege a RICO cause of action, this would not save Plaintiffs' lawsuit from dismissal.

The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima*, 473 U.S. at 496. Most importantly, parties only have standing to recover under RICO if they have been injured in their business or property. *Id*; *see also Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) ("Without a harm to a specific business or property interest — a categorical inquiry typically determined by reference to state law — there is no injury to business or property within the meaning of RICO"); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1204 (C.D. Cal. 2008) (To recover under RICO, plaintiffs must have a "concrete financial loss"); *VRF Eye Specialty Group, PLC v. Yoser*, 765 F.Supp.2d 1023, 1030 (W.D. Tenn. 2011) ("An injury to business or property is a concrete financial loss, rather than personal injury,

---

[5] Under the "well-pleaded complaint" rule, this Court may only consider Plaintiffs' pleadings in determining whether their case arises under federal law for jurisdiction purposes. *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002); *Hunter*, 746 F.2d at 639. The Court cannot consider any potential defenses that may be invoked by Defendants. *Id.* Accordingly, even though Defendants raise the ecclesiastical abstention doctrine as a defense, which requires the Court to interpret federal law, this does not lead to subject matter jurisdiction.

mental suffering, or injury to another intangible interest").

Plaintiffs cannot meet this RICO standing requirement because they are not alleging their business or property was harmed. In their SAC, Plaintiffs are adamant that they are not seeking any damages.[6] *See* Dkt. No. 14 ¶ 46 ("Plaintiffs waive rights to any punitive damages and or compensatory damages"). Instead, they only want to recover "their good names and the truth." *Id.*; *see also* ¶ 15 ("Plaintiffs have brought this action to the courts for the main purpose of discovery and trial by jury to expose the fraud perpetrated by the [D]efendants and to show just cause in this action"). This type of claim is not actionable under RICO because there is no allegation of specific injury to Plaintiffs' business or property. *Diaz*, 420 F.3d at 900; *see also Clark v. Conahan*, 737 F.Supp.2d 239, 255 (M.D. Pa. 2010) ("Mental distress, emotional distress, and *harmed reputations* do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff") (emphasis added).[7]

Accordingly, even if this Court were to find that Plaintiffs' had pled a civil RICO cause of

---

[6] Due to contradicting statements from Plaintiffs, it is not clear whether they seek to recover the litigation costs of this suit as part of their damages claim. This, however, is a distinction without a difference since such damages would not meet RICO's standing requirements for injury to business or property. *See Martinez v. Quality Loan Serv. Corp.*, 2009 WL 586725, at *9 (C.D. Cal. Feb. 10, 2009) ("plaintiff's claim for legal fees, the cost of filing a RICO action does not satisfy the concrete financial injury requirement"); *Walter v. Pallisades Collection, LLC*, 480 F.Supp.2d 797, 805 (E.D. Pa. 2007) ("It would be illogical to allow a plaintiff to have RICO standing based on damages incurred by the plaintiff in paying his attorney to file the RICO action").

[7] Plaintiffs' lawsuit also raises the issue of constitutional standing, which, like subject matter jurisdiction, must be considered by federal courts even if the parties fail to raise it. *United States v. Hays*, 515 U.S. 737, 742 (1995). For Plaintiffs to have standing to sue, they must show that they suffered a concrete injury due to the Defendants' conduct, and that there is a likelihood this injury will be redressed by a favorable decision from the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In this matter, Plaintiffs only seek "vindication." Dkt No. 14 ¶ 46. But, as explained by the United States Supreme Court, "vindication," or the fact that obtaining a "favorable judgment will make [a plaintiff] happier," does not meet the requirements of standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106-07 (1998) ("[A]lthough a suitor may derive great comfort and joy from the fact that the United States Treasury is not cheated, that a wrongdoer gets his just deserts (sic), or that the Nation's law are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury").

1 action in their SAC, such a claim would be dismissed. With the dismissal of any possible RICO
2 allegations, Plaintiffs' only basis for invoking federal jurisdiction no longer exists, and the Court
3 declines to exercise supplemental jurisdiction over any of Plaintiffs' remaining state law claims. *See*
4 28 U.S.C. § 1367(c)(3) (The Court may decline to exercise supplemental jurisdiction if it "has
5 dismissed all claims over which it has original jurisdiction"); *see also Williams v. Aztar Indiana*
6 *Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003) (declining to exercise supplemental jurisdiction
7 over state law claims after dismissing civil RICO claim and finding that to "hold otherwise would
8 suggest to every nondiverse plaintiff that he or she may invoke federal jurisdiction simply by
9 alleging a baseless RICO claim"). In declining to exercise supplemental jurisdiction, the Court
10 considers that Jonathan Cobb's son — who was removed as an elder along with Plaintiffs and is
11 involved in this lawsuit even though he is a not a named plaintiff — currently has a state court action
12 pending in San Mateo County Superior Court (Case No. CIV508137) based on the same set of
13 operative facts. *See Notrica v. Board of Supervisors of County of San Diego*, 925 F.2d 1211, 1213
14 (9th Cir. 1991) (noting that supplemental jurisdiction is intended to promote the values of judicial
15 economy and convenience and to encourage parties to try all related claims together in one judicial
16 proceeding without the need for multiple lawsuits).

17 For the foregoing reasons, Plaintiffs' lawsuit is **DISMISSED**. The Court does not address
18 the remaining arguments in Defendants' Motion nor their objections to Plaintiffs' supporting
19 evidence because these issues are not material to the Court's ruling. Plaintiffs' request, outlined in
20 the Declaration of Jonathan Cobb (Dkt. No. 130), to complete its discovery is **DENIED** for the same
21 reasons as explained in this Court's November 9, 2011 Order. Dkt. No. 125.

22 **IT IS SO ORDERED.**

24 Dated: January 6, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge