UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JONATHAN D. COBB, SR., et al., | No. C 10-03907 MEJ |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (DKT. NO. 138)** |
| v. | |
| ERNEST BREDE, et al., | |
| Defendants. | |

On January 6, 2012, the Court issued an Order dismissing Plaintiffs' lawsuit. Dkt. No. 137. Plaintiffs now request leave to file a motion for reconsideration with respect to the Court's Order. Dkt. No. 138. In their motion, Plaintiffs seek permission to file their "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge" pursuant to FRCP 72(b), 28 U.S.C. § 636(b)(1)(B), and Local Rule 72-3(a). *Id.* at 1. It is unclear why Plaintiffs bring their motion on these grounds as the rules they identify only address referrals to magistrate judges from district court judges. Here, the matter was originally assigned to this Court and Plaintiffs filed their express consent to magistrate judge jurisdiction on October 12, 2010. Dkt. No. 8. Accordingly, the rules cited by Plaintiffs are inapplicable to this situation since the undersigned is the presiding judge pursuant to the consent of both parties and no matter has been referred from a district court judge.

As FRCP 72 cannot apply to this matter, the Court shall construe Plaintiffs' motion as a request for leave to file a motion for reconsideration under Local Rule 7-9. This Rule requires Plaintiffs to specifically show one of the following for leave to be granted:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
>
> (2) The emergence of new material facts or change of law occurring after the time of such order; or

       (3)    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Upon review of Plaintiffs' motion, the Court finds that it fails to meet any of the requirements under Local Rule 7-9(b). Plaintiffs contend that there was "a manifest failure by the Court to consider material facts," but they fail to specifically identify any facts that were presented earlier and not considered by the Court, or that would affect the Court's rationale for its decision. Dkt. No. 138 at 2. Because Plaintiffs' motion essentially addresses issues and facts that were already considered by the Court in its previous Order, the motion is **DENIED.**

     **IT IS SO ORDERED.**

Dated: January 20, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JONATHAN D COBB SR

        Plaintiff,

  v.

ERNEST BREDE

        Defendant.

Case Number: 10-03907 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan D. Cobb, Sr.
828 Weeks St.
Palo Alto, CA 94303

Walter Arlen St. Clair
830 Weeks St
Palo Alto, CA 94303

Dated: January 20, 2012

                Richard W. Wieking, Clerk
                By: Brenda Tolbert, Deputy Clerk

3